UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RUTH J MCNULTY** | **CIVIL ACTION NO.  6:18-CV-01372** |
| **VERSUS** | **JUDGE JUNEAU** |
| **COX MEDIA GROUP LLC** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Before the Court are Plaintiff's Motion for a New Trial, Motion to Alter Judgment, and Motion for Relief from Judgment, Rec. Doc. 67.

Plaintiff's motions seek relief on various grounds from this Court's July 15, 2020 grant of summary judgment for Defendant Cox Media Group, LLC, relief governed by Federal Rules of Civil Procedure 59(a), 59(e), and 60(b).

Fed. R. Civ. P. 59(a) sets forth the general grounds for which "The court may, on motion, grant a *new* trial on all or some of the issues." (emphasis added) Thus, the plain text of the rule presupposes a previous jury or bench trial. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp*, 123 F.3d 336, 339 (5th Cir. 1997). Because there has been no trial in this matter, Plaintiff's Motion for a New Trial under Rule 59(a) is procedurally inappropriate and is thus **DENIED**.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 478 (5th Cir. 2004) (internal citations

omitted). To prevail on a Rule 59(e) motion, the moving party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *Templet*, 367 F.3d at 479; *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010).

While Plaintiff's 59(e) Motion recounts her disagreement with the Court's prior holding in some detail, it falls far short of showing the requisite manifest error of law or fact. On the contrary, Plaintiff merely rehashes her previous arguments against the propriety of summary judgment on these facts, arguments the Court has previously considered and rejected. Thus, because it seeks only to relitigate matters already decided, Plaintiff's Motion to Alter Judgment under Rule 59(e) is **DENIED**.

Finally, Fed. R. Civ. P 60(b) allows the Court to provide relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. The Fifth Circuit has cautioned district courts that "final judgments should not lightly be disturbed; [and] that the

Rule 60(b) motion is not to be used as a substitute for appeal." *Seven Elves, Inc., v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Moreover, the Fifth Circuit has explicitly held that a Rule 60(b) motion is "an improper vehicle for challenging mistakes of law or reasserting arguments on the merits of a claim." *Borne v. River Parishes Hosp., LLC*, 548 Fed. App'x. 954, 956 (5th Cir. 2013). Here, Plaintiff's 60(b) Motion focuses exclusively on what she believes to be the Court's prior mistake of law and reasserts her prior merits arguments to that effect. Thus, a direct appeal is the proper mechanism for Plaintiff to pursue the relief she seeks, and her Motion for Relief from Judgment is **DENIED**. Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for a New Trial/Reconsideration, Rec. Doc. 67, is **DENIED**, and Plaintiff is to bear costs.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 19th day of October, 2020.

MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE